

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00079-CV

_____

DENISE L. PADGETT AND RONALD PADGETT AND ALL OCCUPANTS OF 5282
QUAIL HOLLOW DR, TEMPLE, TX 76502, Appellants

V.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., Appellee

_____

On Appeal from the County Court at Law No. 1
Bell County, Texas
Trial Court No. 87,801

_____

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Denise L. Padgett filed a timely notice of appeal on September 5, 2018.[1] The clerk's record was filed on September 7, 2018. The reporter's record was filed on October 26, 2018. The original deadline for Padgett's appellate brief was November 26, 2018. On Padgett's request, this Court extended the deadline to file the appellate brief to December 10, 2018. When neither a brief nor a motion to extend the filing deadline was received by December 10, 2018, this Court advised Padgett by letter dated December 20, 2018, that the brief was late. We further extended the deadline for filing the brief to January 4, 2019. We warned Padgett that failure to file the brief by January 4, 2019, would subject this appeal to dismissal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c).

On January 17, 2019, Padgett—without having sought an extension of time in which to file the appellate brief—advised this Court by letter that the brief would be filed on the morning of Friday, January 18, 2019. On January 18, 2019, Padgett again advised this Court by letter that the appellate brief would be filed that morning. Yet, Padgett failed to file a brief on January 18 or any date thereafter. On February 4, 2019, we received another letter from Padgett once again listing the difficulties she has experienced in trying to prepare her brief. However, she did not request an extension of time to file her brief or indicate a date on which she would be doing so. While we are not unsympathetic to Padgett's difficulties—and while we are mindful that she is pro se—we

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

cannot continue to relax the Rules of Appellate Procedure in her favor. To continue doing so while holding Appellee to those standards would be unfair to Appellee. Padgett's appeal is, therefore, ripe for dismissal for want of prosecution. Consequently, pursuant to Rules 38.8 and 42.3 of the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c).

We dismiss this appeal for want of prosecution.

Ralph K. Burgess
Justice

Date Submitted:      February 11, 2019
Date Decided:        February 12, 2019

3